Derrick L. Brackens v. State















IN THE
TENTH COURT OF APPEALS
 

No. 10-00-00351-CR
No. 10-00-00352-CR

     DERRICK L. BRACKENS,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the 87th District Court
Freestone County, Texas
Trial Court # 00-031-CR & #00-008-CR
                                                                                                                

MEMORANDUM OPINION
                                                                                                                

      Derrick Latroy Brackens was indicted for Manufacture or Delivery of a Substance in
Penalty Group 1. Two indictments alleged that he possessed four grams or more but less than
200 grams of cocaine, with intent to deliver, on December 29, 1999, and on March 5, 2000,
respectively. Brackens pled guilty to these offenses, without an agreed punishment
recommendation from the State. In two Stipulations of Evidence, Brackens confessed that he
“did then and there intentionally or knowingly possess, with intent to deliver, a controlled
substance, namely, cocaine, in an amount of” 26.98 grams and 68.17 grams, respectively. He
was sentenced to concurrent terms of fifteen years and one day in the Texas Department of
Criminal Justice—Institutional Division.
      On appeal, Brackens complains (1) that the evidence is legally insufficient to support
either conviction for Manufacture or Delivery of a Controlled Substance and (2) that the trial
court erred in denying his motion to suppress the evidence seized March 5, 2000. Because we
find legally sufficient evidence and no error in the denial, we will affirm.
BACKGROUND
Trial Court Cause No. 00-008-CR
      Brackens’s convictions stem from two separate incidents. On December 29, 1999,
Brackens was a passenger in a car that was stopped because its registration sticker was expired. 
The driver of the vehicle, who was arrested on an outstanding felony warrant, consented to a
search of the vehicle, and Brackens consented to a search of his person. The officer found two
pieces of crack cocaine in Brackens’s pocket. He arrested Brackens and took him to the
Freestone County Jail, where Brackens gave a voluntary statement. After his motion to
suppress was denied, Brackens pled guilty without a plea bargain agreement. The court held a
punishment hearing and sentenced Brackens to fifteen years and one day in prison. In our
Cause No. 10-00-00352-CR, Brackens complains that the evidence was legally insufficient to
support his conviction for “Manufacture or Delivery” of cocaine.
Trial Court Cause No. 00-031-CR
      The second incident occurred on March 5, 2000. The evening before, Tomas Echartea of
the Fairfield Police Department obtained a search warrant for Brackens’s residence, based
upon information from a confidential informant. Just after midnight, on March 5, Echartea
and others executed the warrant and found crack cocaine under Brackens’s bed. He was
indicted for “Manufacture or Delivery” of cocaine, four grams or more but less than two
hundred grams. Brackens again moved to suppress the evidence seized, this time arguing that
the search warrant affidavit was missing a word or words and, therefore, did not demonstrate
probable cause. His motion was denied, and he again pled guilty without the benefit of a plea
bargain agreement. He was sentenced to fifteen years and one day in prison, to run
concurrently with the punishment on the other offense. In our Cause No. 10-00-00351-CR, he
challenges the legal sufficiency of the evidence and the judge’s ruling on his motion to
suppress evidence.
LEGAL SUFFICIENCY
      In reviewing a challenge to the legal sufficiency of the evidence, we do not weigh
favorable and non-favorable evidence. Margraves v. State, 34 S.W.3d 912, 917 (Tex. Crim.
App. 2000) (citing Cardenas v. State, 30 S.W.3d 384 (Tex. Crim. App. 2000)). Rather, we
view all the evidence in the light most favorable to the verdict and determine whether a rational
trier of fact could have found the essential elements of the offense beyond a reasonable doubt. 
Burden v. State, 55 S.W.3d 608, 612 (Tex. Crim. App. 2001); Lane v. State, 933 S.W.2d
504, 507 (Tex. Crim. App. 1996) (citing due process standard from Jackson v. Virginia, 443
U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)).
      Brackens complains that the evidence was legally insufficient to support his convictions for
Manufacture or Delivery of a Controlled Substance because in each case he confessed only to
possession with intent to deliver cocaine, which comported with the facts alleged in the
indictment. The State argues that possession with intent to deliver is a means of committing
the offense of Manufacture or Delivery of a Controlled Substance. We agree with the State.
      The Health and Safety Code defines the offense of “Manufacture or Delivery of Substance
in Penalty Group 1" as follows:
(a) Except as authorized by this chapter, a person commits an offense if the
person knowingly manufactures, delivers, or possesses with intent to deliver a
controlled substance listed in Penalty Group 1.
 
Tex. Health & Safety Code Ann. § 481.112 (Vernon 2003). Because Brackens confessed
to possession with intent to deliver, we find the evidence legally sufficient. See Lopez v. State,
108 S.W.3d 293, 297 (Tex. Crim. App. 2003) (“[T]here are at least five ways to commit an
offense under Section 481.112 . . . 3) possession with intent to deliver . . . . All of these
methods are points along a continuum in the line of drug distribution, from its original
manufacture until its physical delivery to the ultimate consumer. Thus, no matter where the
actor and his individual baggie, brick, or rock of cocaine is apprehended along that continuum,
the actor may be prosecuted under Section 481.112.”).
      We overrule Brackens’s legal sufficiency issue in each case.
MOTION TO SUPPRESS
      Brackens further complains that the trial court erred in denying his motion to suppress
evidence resulting from the March 4 search warrant. In reviewing a ruling on a motion to
suppress, we give “almost total deference to a trial court’s determination of historical facts”
and review de novo the court’s application of the law of search and seizure. Walter v. State,
28 S.W.3d 538, 540 (Tex. Crim. App. 2000) (quoting Guzman v. State, 955 S.W.2d 85, 88-89
(Tex. Crim. App. 1997)). The court made no findings of fact, so we “review the evidence in a
light most favorable to the court’s ruling.” Id. (citing Carmouche v. State, 10 S.W.3d 323,
327–28 (Tex. Crim. App. 2000)).
      In his motion and his appellate brief, Brackens argues that the search warrant was invalid
because the search warrant affidavit “inadvertently omitted” some language. The portion he
complains about is in Exhibit A:
The confidential informant told affiant that within the past 48 hours of the signing
of this affidavit by the affiant that the confidential informant was inside the above
described residence and observed a black male known to him as Derrick and a
black female known to him as Shannon what he knows to be crack cocaine.
 
Brackens concludes that “[t]he magistrate was not able to conclude that a probability existed
that contraband was on the premises without resorting to suspicion and conjecture.” But he
fails to read Exhibit A in pari materia with the rest of the search warrant affidavit.
      The affidavit to which Exhibit A is attached recites the location of a place and the names
of two suspected parties—including Derrick Brackens—who control this place. The affidavit
further recites:
      3.   It is the belief of your Affiant, and your Affiant hereby charges and accuses
that said suspected party has possession of and is concealing at said suspected
place, in violation of the laws of the State of Texas, the following described
personal property, to-wit:
 
            (1)  All controlled substances, including but not limited to cocaine, kept or
prepared in violation of the HEALTH AND SAFETY CODE, TITLE 6,
CHAPTER 481, TEXAS CONTROLLED SUBSTANCES ACT.
 
            (2)  Any and all narcotic paraphernalia designed, used or intended for use in
the ingestion, manufacture, delivery, or sale of any Controlled Substances
including, but not limited to scales, and weights, and measuring devices
relating to violations of the HEALTH AND SAFETY CODE, TITLE 6,
CHAPTER 481, TEXAS CONTROLLED SUBSTANCES ACT.
 
      Considering the totality of the circumstances, the affidavit clearly asserted facts that
established probable cause to believe that Brackens was in possession of cocaine. See Brown
v. State, 115 S.W.3d 633, 636 (Tex. App.—Waco 2003, no pet.). The court did not err in
denying Brackens’s motion to suppress.
      We overrule his second issue in Cause No. 10-00-00351-CR.
CONCLUSION
      Having overruled all of Brackens’s issues, we affirm the trial court’s judgment in each
case.


                                                                   BILL VANCE
                                                                   Justice

Before Chief Justice Gray,
      Justice Vance, and 
      Justice Reyna
Affirmed
Opinion delivered and filed March 10, 2004
Do not publish

[CR25]